DESIMONE & ASS[...]
745 Fifth Avenu[...]
New York, New[...]
Telephone (64[...]
Telecopier (21[...]

> Application granted. As an initial matter, the Court, in its discretion, construes the parties' letters (Docs. 17 and 18) as the motion itself. *See In re Best Payphones, Inc.*, 450 F. App'x 8, 15 (2d Cir. 2011)). Having considered the parties' respective letters (Docs. 17 and 18), and caselaw cited therein, the Court in its discretion overrules defendant's objections and grants plaintiff's motion for leave to file a jury demand in this case on all issues so triable. *See Thompson v. Beth Israel Med. Ctr.*, 1998 WL 689937, at *2 (S.D.N.Y. Oct. 2, 1998); *Janetos v. Home Depot U.S.A., Inc.*, 2012 WL 4364510, at *3 (E.D.N.Y. Sept. 25, 2012). Plaintiff is directed to file the jury demand by no later than 5:00 p.m. on February 19, 2026.
>
> The Clerk of Court is respectfully directed to terminate the motion sequence pending at Doc. 17.
>
> SO ORDERED.
>
> *[signature]*
>
> Philip M. Halpern
> United States District Judge
>
> Dated:  White Plains, New York
> February 18, 2026

*VIA ECF*

Honorable Philip M. Halpern
Federal Building and Courthouse
300 Quarropas Street
White Plains, NY 10601

      Re:    *Lechuga v. Stop & Shop*
               *7:25-cv-07327 (PMH)*

Dear Judge Halpern:

We represent the Plaintiff in this matter.  This letter follows up on the February 3, 2026 conference and is submitted in lieu of a more formal motion pursuant to Fed. R. Civ. P. 39(b) for an order directing a jury trial on this matter.  As will be set forth below, it is well within this Court's discretion to grant Plaintiff's motion for a jury trial, especially given that Defendant will not be prejudiced whatsoever and that this is the type of case traditionally tried before a jury.

As Your Honor is aware, this matter was removed from New York State Supreme Court, Westchester County on September 4, 2025.  Defendant The Stop & Shop Supermarket Company LLC ("Stop & Shop") answered Plaintiff's Complaint on June 2, 2025 while the matter was still pending in New York State Supreme Court.

As Your Honor is further aware, pursuant to CPLR §4102(a), demands for jury trials in New York State courts are made when filing the note of issue. Thus, as of the time of Defendant's removal, Plaintiff had not yet demanded a jury trial.

With respect to demands for jury trials in removed actions, Fed. R. Civ. P. 81(c)(3) provides that:

> (3) *Demand for a Jury Trial.*
>
> (A)   *As Affected by State Law.* A party who, before removal, expressly demanded a jury trial in accordance with state law need not renew the demand after removal. If the state law did not require an express demand for a jury trial, a party need not make one after removal unless the court orders the parties to do so within a specified time. The court must so order at a party's request and may so order on its own. A party who fails to make a demand when so ordered waives a jury trial.
>
> (B) *Under Rule 38.* If all necessary pleadings have been served at the time of removal, a party entitled to a jury trial under Rule 38 must be given one if the party serves a demand within 14 days after:
>
> > (i) it files a notice of removal; or
> > (ii) it is served with a notice of removal filed by another party.

As stated above, New York state courts require a party to demand a jury trial with the note of issue, thus Fed. R. Civ. P. 81(c)(3)(A) is inapplicable, and Plaintiff should have served a demand for a jury trial with 14 days after service of Defendants notice of removal pursuant to Fed. R. Civ. P. 81(c)(3)(B).

Notwithstanding this, the case law overwhelmingly supports Plaintiff's position that this Court should grant its request for a jury trial. It is well within the Court's discretion to order a jury trial even if it is not properly demanded, which is especially true in removed cases. *See Cascone v. Ortho Pharmaceutical Corp.*, 702 F.2d 389, 392 (2d Cir 1983); *National Union Fire Ins. Co. of Pittsburgh, Pa. v. L.E. Myers Co., Group*, 928 F. Supp. 394, 397 (S.D.N.Y. 1996); *Reliance Electric*

*Co. v. Exxon Capital Corp.*, 932 F. Supp. 101 (S.D.N.Y. 1996); *Corinthian Media, Inc. v. Putnam*, 845 F. Supp. 143, 145 (S.D.N.Y. 1994); *Rupolo v. Oshkosh Trucking Corp.*, 749 F.Supp.2d 31, 47 (E.D.N.Y. 2010); *Encarnacion v. Isabella Geriatric Center et al.*, 11-cv-3757, Sept. 11 2014 Memorandum Opinion (S.D.N.Y. 2014).

As the *National Union* Court stated in granting Plaintiff's cross-motion for a jury trial, in a removed case the issue of a jury trial demand is governed by a line of cases revolving around Fed. R. Civ. P. 81(c), which "provides a somewhat relaxed standard where removal has occurred because in such situations 'a plaintiff originally filed in a state tribunal but was taken to a different jurisdiction, perhaps against his will, but, in any event, to a forum not of his choosing.'" *National Union Fire Ins. Co. of Pittsburgh, Pa. v. L.E. Myers Co., Group*, 928 F. Supp. 394, 397 (S.D.N.Y. 1996)(*citing Cascone v. Ortho Pharmaceutical Corp.*, 702 F.2d 389, 392 (2d Cir. 1983)

The *National Union* Court further noted as follows:

> Under section 4102(a) of New York Civil Practice Law and Rules, a jury demand must be made by filing a "note of issue containing a demand for trial by jury." N.Y.Civ.Prac.L. & R. § 4102(a). New York state law also permits the trial court to "relieve a party from the effect of failing to comply with [section 4102(a)] if no undue prejudice to the rights of another party would result." N.Y.Civ.Prac.L. & R. § 4102(e). Under these two provisions, the law of New York as to the necessity of demanding jury trial is "not clear, or at least is not fixed." *Higgins v. Boeing Co.*, 526 F.2d 1004, 1007 (2d Cir. 1975). Because Rule 81(c) has created a gray area for cases removed from New York state court, "this discretionary right must also be read into the language of 81(c); it comports also with Rule 39(b)." *Id.; see also Richards v. Proctor & Gamble Mfg. Co.,* 753 F.Supp. 71, 74 (E.D.N.Y. 1991).

*Id.* at 397. Thus, in cases removed from New York State courts, this Court has discretion as to whether relieve a party from its failure to file a timely demand for a jury trial.

There are three factors the Court should consider in exercising its discretion as to whether it should grant an untimely jury request: (1) whether the issue in the case is one traditionally triable

3

by jury; (2) whether the parties were operating on the assumption that the trial would be a bench trial; and (3) whether the opposing party acquiesced in the jury demand, or if not, whether that party would be unduly prejudiced should the Court permit a jury trial. *National Union* at 397; (*citing Higgins v. Boeing Co.*, 526 F.2d at 1007; *Corinthian Media, Inc. v. Putnam*, 845 F. Supp. 143).

Here, these factors weigh heavily in favor of this Court granting Plaintiff's motion. First, the personal injury issues to be tried in this case are ones typically tried before a jury. Second, the Civil Case Discovery Plan and Scheduling Order was just entered, and substantive discovery has not yet begun so there is no prejudice whatsoever to Defendant. As for the second factor, whether the parties were operating on the assumption that this would be a bench trial, as noted in *Rupolo v. Oshkosh Trucking Corp.*, 749 F.Supp.2d 31, 47 (E.D.N.Y. 2010), even if the parties did not share a common assumption, "this factor does not mitigate for or against a jury trial." *Rupolo* at 48. Nevertheless, there is no reason to believe that Defendant was operating on the assumption that this would be a bench trial, and even if it was, given the status of this case, it suffered no prejudice as a result of such belief.

As the *Corinthian* Court stated in denying defendant's motion to strike plaintiff's jury demand, "[t]he Supreme Court has ruled that 'courts [should] indulge every reasonable presumption against waiver' of the right to a jury trial. *Aetna Ins. Co. v. Kennedy*, 301 U.S. 389, 393, 57 S.Ct. 809, 811, 81 L.Ed. 1177 (1937). In keeping with this admonition and in accordance with the discretionary power granted this court, defendant's motion to strike plaintiff's jury demand is denied." *Corinthian* at 146.

4

Simply put, the applicable case law establishes that in cases removed from New York State courts which are traditionally tried before a jury, absent prejudice to the defendant, the Court should exercise its discretion and allow the case to proceed before a jury.

For all the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiffs motion pursuant to Fed. R. Civ. P. 39(B) that this matter be tried before a jury.

Respectfully submitted,

Ralph DeSimone

cc:  All Counsel of Record

5